IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| FRANKLIN NICHOLS, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CASE NO.: 7:25-CV-00139 (WLS) |
| : | |
| STATE FARM FIRE AND : | |
| CASUALTY COMPANY, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

    Before the Court is Plaintiffs' Motion to Remand (Doc. 12). Plaintiffs ask the Court to Order the above-styled action, in its entirety, remanded to the Superior Court of Brooks County, Georgia wherein the action was originally filed on the grounds that the Court lacks diversity subject matter jurisdiction. (Doc. 12). Defendant agrees that this action should be remanded to the Superior Court of Brooks County. (Doc. 15). And Plaintiffs stipulate that the damages they allege and seek in this action do not exceed $75,000. (Doc. 16).

    Plaintiffs move the Court to remand their claims to the Superior Court of Brooks County Georgia contending that the Court lacks jurisdiction to hear the claims. (*See* Doc. 12). Federal courts are courts of limited jurisdiction. District courts may hear cases only in which there has been either a constitutional or congressional grant of jurisdiction. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Generally, a defendant may remove a civil action in instances where the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a)-(b). Under 28 U.S.C. § 1447(c), however, the Court must remand any action in which the Court lacks subject matter jurisdiction. All doubts about jurisdiction should be resolved in favor of remand to state court, "because removal jurisdiction raises significant federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)).

Congress has granted federal district courts jurisdiction to hear cases between citizens of different States and which involve an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. "Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). Because Plaintiffs stipulate that damages do not exceed $75,000, the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount.

For the reasons explained above, Plaintiffs' Motion (Doc. 11) is **GRANTED**. The above-styled action is **REMANDED** in its entirety to the Superior Court of Brooks County, Georgia.

**SO ORDERED**, this 3rd day of December 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**